# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:12CR00012 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| PAUL McNEIL ROBINSON, JR., ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

In connection with sentencing for failure to register as a sex offender, the defendant filed objections to the Presentence Investigation Report ("PSR") pursuant to Federal Rule of Criminal Procedure 32(f). A hearing was held on the objections, which are now resolved in this Opinion.

I

The defendant pleaded guilty in this court to a one-count Indictment charging him with failing to register and update his registration as required by the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C.A. § 2250(a) (West Supp. 2012 ). In 2006 the defendant was convicted in a Virginia state court of sexually abusing a child less than 13 years of age, in violation of Va.

Code Ann. § 18.2-67.3 (2009).  Because of this conviction, he was required to register in Virginia as a sex offender each three months and whenever his residence address changed.  Upon investigation by Virginia authorities, it was learned that in August of 2011 he had left his Virginia residence.  In December 2011 he was found living in Myrtle Beach, South Carolina, without having updated his Virginia sex offender registration as required.

The defendant's 2006 Virginia sexual abuse conviction resulted from an incident while he was babysitting for a relative's two-and-half-year-old daughter.  After the child's mother picked her up, the child told her that the defendant "made her lick his pee pee for candy."  (PSR ¶ 23.)  The defendant entered an *Alford* plea pursuant to a written plea agreement and was sentenced to three years and eight months imprisonment, to be followed by six years supervised probation.

In the PSR, the probation officer recommended that the court apply a Base Offense Level of 16, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2A3.5(a)(1) (2011), on the ground that the defendant was required to register as a Tier III offender.  Applying that Base Offense Level, reduced by three levels for acceptance of responsibility, the defendant has a guideline range of 24 to 30 months imprisonment.

The PSR also recommended that the defendant be subjected to sex offender supervised release conditions following imprisonment, pursuant to this court's Standing Order No. 07-1.

The defendant objects to the application of the Tier III enhancement to the Base Offense Level. In addition, he objects to the imposition of certain of the sex offender supervised release conditions. These objections have been the subject of a hearing, were fully argued by the parties, and are ripe for determination.

II

As a first step in the sentencing process, the court is required to correctly calculate the advisory Sentencing Guideline range. *See Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) ("The Guidelines provide a framework or starting point . . . for the judge's exercise of discretion" in sentencing). In addition, I must rule on any disputed portion of the PSR that will affect the sentence imposed. Fed. R. Crim. P. 32(i)(3)(B).

A

The defendant does not dispute that he is "sex offender" in that he has been previously convicted of a "sex offense." *See* 42 U.S.C.A. § 16911(1), (5)(A)(i) (West Supp. 2012) Instead, he argues that his Base Offense Level should not be 16 because he is not a Tier III sex offender. He contends that instead he is a Tier I sex

offender and his Base Offense Level should be 12, with a Total Offense Level of 10 and a sentencing range of 15 to 21 months.[1]

Under USSG § 2A3.5, the Base Offense Level for the crime of failing to register as a sex offender is calculated based upon the tier level described in 42 U.S.C.A. § 16911 (West Supp. 2012) for the prior underlying sex offense. Section 16911 defines a Tier III offender as a sex offender whose offense of conviction is punishable by imprisonment for more than one year and

> (A) is comparable to or more severe than the following offenses, or an attempt or conspiracy to commit such an offense:
>
> > (i) aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of Title 18); or
> >
> > (ii) abusive sexual contact (as described in section 2244 of Title 18) against a minor who has not attained the age of 13 years.

42 U.S.C.A. § 16911(4)(A)(i), (ii).[2]

The Indictment to which the defendant pleaded guilty described his crime as follows:

---

[1] The defendant originally objected to the recommended Criminal History Category, but now concedes that he is correctly scored in the PSR as a Criminal History Category IV, with seven criminal history points.

[2] There are two other comparable offenses listed that clearly do not apply here. One involves the kidnapping of a minor and the other for sex offenses that occur after an offender becomes a Tier II offender. *See* 42 U.S.C.A. § 16911(4)(B), (C).

> PAUL McNEIL ROBINSON, JR. on or about April 8, 2006, in the said County of Scott, Commonwealth of Virginia, did knowingly, unlawfully, and feloniously sexually abuse a child less than 13 years of age, in violation of Section 18.2-67.3 of the Code of Virginia . . . against the peace and dignity of the Commonwealth of Virginia.

(Sentencing Mem. Ex. 2.) Neither the Plea Agreement nor the Conviction and Sentencing Order in the state case describe the defendant's offense conduct other than as "aggravated sexual battery." (*Id.*)

The defendant contends that the application of his Virginia conviction to USSG § 2A3.5 requires the "categorical approach" mandated for other sentencing enhancements based upon prior convictions. *See Taylor v. United States*, 495 U.S. 575, 602 (1990) (holding that in determining the application of the Armed Career Criminal Act, the sentencing court is limited to "the fact of conviction and the statutory definition of the prior offense"). Under certain circumstances, charging documents of the predicate offense may be considered using a "modified categorical approach," but the court cannot consider sources that would require "subsequent evidentiary enquiries" into the offense. *Shepard v. United States*, 544 U.S. 13, 20 (2005).

Using this approach, the defendant argues, would not allow the court to determine that his prior sexual offense conviction was a proper predicate for a Tier III classification. I disagree.

Even assuming that the categorical approach is applicable[3] and that the court may only examine the elements of the prior offense and the approved charging documents, I find that the defendant's prior sex offense was "comparable to or more severe than" at least one of the federal crimes required for Tier III status.

The state Indictment charged the defendant with sexual abuse of a child under the age of 13 years. The Virginia statute charged in the Indictment, Va.

---

[3] The defendant relies upon *United States v. Taylor*, 644 F.3d 573 (7th Cir. 2011), *cert. denied,* 132 S. Ct. 1049 (2012). In *Taylor*, as here, the defendant had failed to registered as a sex offender in violation of SORNA and was found to be a Tier III sex offender under USSG § 2A3.5 by the use of the categorical approach approved by the Supreme Court in *Taylor* and *Shepard*. The Seventh Circuit upheld the tier classification and noted that "[t]he rationale behind [the categorical approach] applies with equal force to this case." *Id.* at 576. *Taylor* was criticized in *United States v. Stock*, 685 F.3d 621 (6th Cir. 2012). There the sentencing court also determined that the defendant was a Tier III offender under USSG § 2A3.5. The Sixth Circuit reversed and remanded on the ground that the district court had failed to make any findings as to the applicability of the prior sex offense. In doing so, the court questioned whether the categorical approach was necessary, where the issue involves a Guideline determination and thus "does not appear to have constitutional dimensions." *Id.* at 628 n.5. However, the categorical approach has been used to determine a number of purely Guideline enhancements, such as Career Offender status under USSG § 4B1.1 (2011), *see, e.g., United States v. Kirksey*, 138 F.3d 120, 124 (4th Cir. 1998), the Base Offense Level in firearms cases under USSG § 2K2.1(a) (2011), *see, e.g., United States v. Donnell*, 661 F.3d 890, 893 (4th Cir. 2011), and for the Base Offense Level in illegal reentry cases under USSG § 2L1.2(b)(1)(A) (2011), *see, e.g., United States v. Ventura-Perez*, 666 F.3d 670, 673 (10th Cir. 2012).

In contrast to the present case, where the applicable Guideline refers to prior <u>conduct</u>, rather than a <u>conviction</u>, the categorical approach is not used. *See United States v. Davis*, 679 F.3d 177, 187 (4th Cir. 2012) (holding that district court must engage in factfinding as to whether defendant actually committed the generic offense of robbery in order to apply the cross referencing permitted under USSG § 2K2.1(c)(1)(A) (2011)); *see also United States v. Byun*, 539 F.3d 982, 991 (9th Cir. 2008) (holding that use of the word "committed" rather than "convicted" in the phrase "*when committed against a minor*" in 42 U.S.C.A. § 16911(3)(A) indicates that a noncategorical approach may be used to determine if in fact the victim was a minor).

Code Ann. § 18.2-77.3(A)(1) (2009), criminalizes, among other things, sexual abuse of a person under the age of 13. "Sexual abuse" is further defined by statute to include conduct "committed with the intent to sexually molest, arouse, or gratify any person," where "the accused causes or assists the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or material directly covering such intimate parts." Va. Code Ann. § 18.2-67.10(6)(c) (2009). One of the federal statute involved, 18 U.S.C.A. § 2244 (West Supp. 2012), entitled "Abusive sexual conduct," punishes "sexual conduct" with another person. *Id.* § 2244(a). "Sexual conduct" is further defined as "the intentional touching either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C.A. § 2246(3) (2000).

It is true that § 2244 prescribes sexual conduct if so to do would violate other statutes, including 18 U.S.C.A. § 2241 (West 2000 & Supp. 2012), "had the sexual conduct been a sexual act," 18 U.S.C.A. § 2244. The defendant points out that conduct involving a "sexual act" is limited in 18 U.S.C.A. § 2241(c)(5) to victims who have not attained the age of 12, rather than 13, as charged in the defendant's predicate state conviction. However, the Tier III statute, 42 U.S.C.A. § 16911(4)(A)(ii), modifies that requirement by expressly specifying age 13.

For these reasons, I find that Tier III is applicable to the defendant and overrule his objection thereto.

B

Even were I to rule to the contrary, however, that would not mean that I cannot consider the facts of the defendant's prior offense in arriving at an appropriate sentence. In one of the defendant's objections, he requests the court to remove the description of his prior sex offense conduct from the PSR. That objection will be denied.

It is established that the court may consider a wide range of information in determining an appropriate sentence. For example, it is provided that

> [n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

18 U.S.C.A. § 3661 (West 2000). Another statute requires the court in fixing a sentence to consider "the history and characteristics of the defendant." 18 U.S.C.A. § 3553(a)(1) (West 2000 & Supp. 2011). "Permitting sentencing courts to consider the widest possible breadth of information about a defendant 'ensures that the punishment will suit not merely the offense but the individual defendant.'" *Pepper v. United States*, 131 S. Ct. 1229, 1240 (2011) (quoting *Wasman v. United States*, 468 U.S. 559, 564 (1984)).

The Sentencing Guidelines themselves echo this principle, providing that the court may consider "any information" in fixing a sentence, even evidence that is not necessary in determining the guideline range. U.S. Sentencing Guidelines Manual § 1B1.4 cmt. (2011). Moreover,"'[M]ere objection to the finding in the presentence report . . . is not sufficient. The defendant has an affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate.'" *United States v. Powell*, 650 F.3d 388, 394 (4th Cir.) (quoting *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990), *cert. denied*, 132 S. Ct. 350 (2011)).

In the present case, the defendant presented no evidence that the PSR's recitation of the facts surrounding his prior sex offense were untrue or unreliable. While he was permitted by the state court to enter an *Alford* plea to the charge, and thus presumably denies his guilt of the crime, that is insufficient to preclude this court from considering the serious nature of the charge to which he pleaded guilty. After all, in his Plea Agreement to the state charge of aggravated sexual battery, he stipulated "that the Commonwealth has substantial evidence of my guilt and there is a basis in fact to prove the allegations against me." (Sentencing Mem. Ex. 2, Plea Agreement ¶ 3.) Those allegations are contained in the PSR and I will consider them in fixing the defendant's sentence. *See United States v. Dean*, 604 F.3d 169, 176 (4th Cir.) (stating that the categorical approach "cannot be allowed

to reach beyond [its] legitimate bounds if sentencing discretion is to be taken seriously"), *cert. denied*, 131 S. Ct. 342 (2010).

III

The defendant also objects to the imposition of certain proposed supervised release conditions.

In an addendum to the PSR, the probation officer recommended the imposition of 19 separate sex offender supervised release conditions, pursuant to this court's Standing Order No. 07-1. That Standing Order adopts, unless modified by the sentencing judge, certain standard sets or tiers of conditions for sex offenders. Tier I contains standard conditions for, among others, those convicted of failing to register as a sex offender. Tier III contains standard conditions for those convicted of aggravated sexual abuse. Tier III includes all conditions of Tiers I and II.

The defendant objects to all of the Tier II and Tier III conditions and to certain of the Tier I conditions.

As the Fourth Circuit has recently noted,

> A sentencing court may impose any condition that is reasonably related to the relevant statutory sentencing factors, which include considering "the nature and circumstances of the offense and the history and characteristics of the defendant"; providing "adequate deterrence"; "protect[ing] the public from further crimes"; and providing the defendant with training, medical care, or treatment. The

condition must also be consistent with the Sentencing Commission policy statements. A particular restriction does not require an "offense-specific nexus," but the sentencing court must adequately explain its decision and its reasons for imposing it.

*United States v. Worley*, 685 F.3d 404, 407 (4th Cir. 2012) (citations omitted).

I agree with the defendant that the Tier II and Tier III conditions are not appropriate his case and will not impose them, based upon this record.

He also objects to certain Tier I conditions, and specifically proposed conditions 4, 5, 9, and 10.

Conditions 4 and 5 prohibit the defendant's possession of certain sexually oriented material. While the defendant has no past record of possessing or viewing child pornography, in light of the nature of his relatively recent sexual conduct with a young child, I will impose condition 4, revised in the form as follows: "4. The defendant must not intentionally possess or view any form of child pornography or other sexually stimulating material involving children." The receipt of child pornography is of course a crime; the further prohibition is to prevent the defendant from succumbing to material which, while not technically child pornography, might stimulate illegal activity on his part. I will not impose condition 5.

Conditions 9 and 10 relate to warrantless searches. The defendant objects on the ground that these conditions "permit the warrantless search of any future computer that [the defendant] might own." (Sentencing Mem. 4.) However,

because of the undeniable fact that child pornography and the Internet are so closely connected, and in light of the defendant's prior sex offense conduct, I find that these conditions are appropriate.

VI

For the reasons stated, the defendant's objections are GRANTED IN PART AND DENIED IN PART.

It is so **ORDERED.**

ENTER: November 25, 2012

/s/ James P. Jones
United States District Judge